UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OMAR AYALA, A205-708-832,

        Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney
General of the United States; THOMAS P.
BROPHY, Acting Director, Buffalo Field
Office, Enforcement and Removal
Operations, U.S. Immigration and
Customs Enforcement; DEPARTMENT
OF HOMELAND SECURITY; and TODD
TRYON, Facility Director, Buffalo Federal
Detention Facility,

        Respondents.[1]
_____

16-CV-13
DECISION AND ORDER

      The pro se petitioner, Omar Ayala, seeks relief from his continued administrative

custody and detention pending removal under 28 United States Code Section 2241.

For the reasons set forth below, the respondents' motion to dismiss is granted, and

Ayala's petition is dismissed as moot.

      On February 19, 2015, after he was released from custody by the New York

State Department of Corrections and Community Supervision, Ayala was taken into

custody by the U.S. Department of Homeland Security, Immigration and Customs

Enforcement.  *See* Docket Item 1.  Following removal proceedings, on or about March

25, 2015, Ayala was ordered removed to his native country, Honduras.  *Id.*  His actual

_____

[1] The Clerk of Court shall amend the caption as set forth above.  *See* Fed. R.
Civ. P. 25(d) (automatic substitution of public officers).

removal took some time, however, and on January 5, 2016, Ayala filed the instant petition challenging his continued administrative custody and detention pending removal.  *Id.*[2]

The respondents now have moved to dismiss the petition as moot because Ayala was removed to Honduras on or about May 12, 2017.  Docket Items 11 and 11-1. Counsel for the respondents  has submitted a copy of the United States Department of Homeland Security "Warrant of Removal/Deportation" verifying the petitioner's removal. Docket Item 11-1.

Accordingly, because Ayala now has been removed and no longer is in the custody of the United States Department of Homeland Security, his petition is moot, the respondents' motion to dismiss the petition is granted, and the petition is dismissed.[3]

---

[2] Because Ayala did not challenge his final order of removal in this Court, and because this Court would not have had jurisdiction to address such a challenge had it been brought, a stay of removal was not entered.  *See* Docket Item 3; *see, e.g.*, *Morillo v. DHS & Bice Det. Ctr.*, 2006 WL 1007645, at *1 (N.D.N.Y. Apr. 17, 2006) ("Moreover, to the extent that [p]etitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Aime v. DHS*, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, [Section] 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.").

[3] *See Arthur v. DHS/ICE*, 713 F. Supp. 2d 179 (W.D.N.Y. 2010) (accepting report and recommendation) (finding petition for a writ of habeas corpus seeking release from detention pending removal to be moot upon removal of petitioner); *Masoud v. Filip*, 2009 WL 223006 (W.D.N.Y. Jan. 27, 2009) (accepting report and recommendation) (finding petition for a writ of habeas corpus filed under 28 United States Code Section 2241 seeking release from detention pending removal to be moot upon release of petitioner from detention pursuant to order of supervision); s*ee also Leybinsky v. ICE*, 553 Fed. Appx. 108 (2d Cir. 2014) (summary order) (finding that petitioner's release from ICE custody pending removal following final order of removal moots petition for a writ of habeas corpus under 28 United States Code Section 2241, and "capable of repetition but evading review" exception to mootness doctrine does not apply).

The Court hereby certifies under 28 United States Code Section 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

The petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Federal Rule of Appellate Procedure 24.

This Court DISMISSES the petition and DENIES leave to appeal as a poor person.


SO ORDERED.

Dated:     November 29, 2017
           Buffalo, New York


                                          *s/Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE